ROBERT L. BLAND, JUDGE.
Claimant Louise McNeil, formerly employed as a registered nurse at Fairmont Emergency Hospital, Fairmont, West Virginia, seeks an award against the state board of control for the sum of $208.20 to reimburse her for the value of certain articles of personal property belonging to her which she claims were stolen from her room at said hospital by a female convict who had been temporarily-domiciled at the institution at the request of a member of *66 the board of control. The respondent challenges claimant’s right to such award.
The articles of personal property alleged to have been stolen with the values placed thereon by claimant, are as follows:
Fur Coat (old)_$ 75.00
Overnight Bag (new)_ 25.00
Eyeglasses _ 20.00
Dress (had never been worn)_ 16.25
Shoes (good)- 5.00
Slips (5-good)_ 25.00
Night Gowns one never worn_ 12.00
four in good condition_ 20.00
Bed Jacket (good)_ 5.00
Nylon Hose (8 new pairs) at $1.65_ 4.95
Red Cross Nurses pin given claimant by Red Cross_ _
$208.20
One Helen Sartwell, alias Griffith, alias Landon, was convicted in the intermediate court of Kanawha county of grand larceny and sentenced to a term of imprisonment in the penitentiary at Moundsville. At the time of her conviction the woman was expecting the birth of a child. The judge who imposed sentence upon her, not wanting the child to be born in jail or the penitentiary communicated with the board of control in an endeavor to have some arrangement made for her removal to one of the state hospitals, where the child could be born. The Honorable L. Steele Trotter, a member of the board, without any formal board action in the premises, but motivated wholly by a humanitarian impulse, arranged for the woman to be transferred to the Fairmont Emergency Hospital. At the same time the authorities of the institution were advised that *67 the woman had a criminal record and was at the time under sentence of imprisonment for grand larceny.
Upon an examination made by the superintendent of the hospital it was ascertained that the child would not be born for several months subsequent to the time fixed for its birth by the Sartwell woman. This fact was communicated to the board of control, but Dr. Johnson, the superintendent, said that since she had had some experience in nursing they would allow her to do odd jobs about the institution until the time arrived for her confinement. Shortly after being received at the hospital the woman made her escape. After she had gone claimant discovered the loss of her personal belongings and immediately concluded that the same had been stolen by the fleeing woman. There was, however, no direct or positive evidence that the Sartwell woman had taken the property, although it might be readily concluded from the circumstances that she was the guilty party. A beautician told claimant that she recognized a dress worn by the woman as one that belonged to claimant.
The Sartwell woman was apprehended within a few days after her escape from the hospital and conveyed to the penitentiary. She was, however, removed from the penitentiary to a Wheeling hospital when her child was born. The possession of the child was taken by the department of public assistance, and arrangements made for its proper disposition.
None of the alleged stolen property was found in the possession of the Sartwell woman.
We are unable to perceive any responsibility of the state to recompense claimant for the loss of her property.
An award, therefore, is accordingly denied and the claim dismissed.